(No. 2053— )

ROY PAGE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*
*Rehearing denied November 13, 1934.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This claim was filed on January 19, 1933, and alleges that on the 10th day of November, A. D. 1928, the claimant was employed as a carpenter by the State of Illinois, acting by and through the Division of Waterways of the Department of Purchases and Construction in connection with the construction of the Illinois deep waterway; that on said date of November 10, 1928, while engaged in the course of his occupation and employment, he struck his left knee upon one or more iron braces used in the form building of said construction work; that as a result of said injury, he suffered loss of earnings; that said employment was a hazardous one within the meaning of the Workmen's Compensation Act; that said injury arose out of and in the course of his employment in the Division of Waterways, and for which injuries he asks an award in the sum of Two Thousand Dollars ($2,000.00).

The Attorney General has filed his motion to dismiss the claim for want of jurisdiction and for the reason that it does not appear from the records that claimant has complied with the terms of Section 24 of the Workmen's Compensation Act, in that no claim or demand appears to have been made upon respondent by claimant within six months after the date of the accident and that no application for compensation was filed herein within one year after the date of said injury or within one year after the date of the last payment made by respondent to claimant on account of such injury.

Under the pleadings herein and the proof contained in the record, it is apparent that the objections raised by the Attorney General are well founded. The court is of the opinion that the determination of the claim is governed by the provisions of the Workmen's Compensation Act, and that the Waterway Act is not in conflict therewith and does not remove any of the requirements incident to claims by employees of the State. This claim is analogous to that of *Vail* vs. *the State*, C. C. R. No. 2033 and *Langer* vs. *the State*, C. C. R. No. 2030. For further expression by the court, reference to those cases is hereby made. The motion of the At-

torney General to dismiss is granted and the case is dismissed.

I dissent for the reason set forth in the case of *Joseph Kump* vs. *State of Illinois*, No. 1881.

C. N. Hollerich, Chief Justice.